**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, | ) | FILED: OCTOBER 28, 2008 |
| | ) | 08CV6181 |
| Plaintiff, | ) | JUDGE DARRAH |
| | ) | MAGISTRATE JUDGE VALDEZ |
| v. | ) | |
| | ) | |
| WELTMAN, WEINBERG & REIS, CO., L.P.A. | ) | PH |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Nicholas Martin ("Plaintiff"), brings this action to secure redress against an unlawful collection practice engaged in by Defendant Weltman, Weinberg & Reis Co., L.P.A. ("WW&R') that violated both the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 – 1692o, ("FDCPA"), and the Telephone Consumer Protection Act 47 U.S.C. § 227 ("TCPA") for placing phone calls to Plaintiff's cell phone with an automatic telephone dialing system, with the on or about October 26, 2008, pre-recorded telephone message stating only, "8 a.m. to 9 p.m., Friday 8 a.m. to 5.00 p.m., or Saturday 8:00 a.m. to 12-noon, Eastern Standard Time. Again the number is 1-800-589-8516. Thank you" being recorded by his cell phone's messaging system.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct with is abusive, and any false, deceptive or misleading statements in connection with the debt and it requires debt collectors to provide consumers with certain information. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA). This Court also has supplemental jurisdiction over Plaintiff's TCPA claim under 28 U.S.C. § 1367 as the conduct complaint of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

4. Venue and personal jurisdiction over Defendant in this District is proper because:

a. Plaintiff resides in the District;

b. Defendant's conduct business in the District maintaining an office at 180 N. LaSalle Street, Suit 2400, Chicago, IL 60601;

**c.** Defendant's collection activities towards Plaintiff occurred within the District.

## PARTIES

5. Plaintiff is an individual who resides in the Northern District of Illinois.

6. WWR is organized under the law of the State of Ohio and does business in Illinois. Its registered agent and its address in Illinois is National Registered Agents Inc., 200 West Adams Street, Chicago, Illinois 60606.

7. WRR attempts to collect debts from consumers that are in default at the time of WWR's attempted collection.

8. WWR is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as to the acts complained of herein.

**FACTS**

9. According to WWR website:

> The dialer is used for more expedient contact attempts with debtors. It is utilized by establishing a connection between the dialer and an entered extension. The connection remains active the entire time the user is logged into the dialer.

http://www.weltman.com/about/?a=1&scid=7

10. WWR placed a phone call to Plaintiff on or about October 26, 2008 using an automatic telephone dialing system.

11. The phone call was placed to Plaintiff's cell phone which last four digits are 3271.

12. On or about October 26, 2008, WWR's phone call to Plaintiff left a pre-recorded telephone message only stating, "8 a.m. to 9 p.m., Friday 8 a.m. to 5.00 p.m., or Saturday 8:00 a.m. to 12-noon, Eastern Standard Time. Again the number is 1-800-589-8516. Thank you."

14. 1-800-589-8516 is a phone number used by WWR.

15. Plaintiff did not give his prior consent to WWR for the placement of any of the phone calls that is the subject of this lawsuit.

16. WWR, within the past year, on more than one occasion has contacted Plaintiff using an automatic telephone dialing system and has left a pre-recorded voice message.

17. These other phone calls placed by WWR have also been placed to Plaintiff's cell phone which last four digits are 3271.

18. WWR's phone calls to Plaintiff were an attempt to collect on a purported debt incurred for personal, family, or household purposes.

**COUNT I**
**FDCPA § 1692d(6) and § 1692e(11) VIOLATIONS**

19. Plaintiff incorporates paragraphs 1-18 above.

20. 15 U.S.C. §1692d(6) provides:

> (6) Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity.

21. 15 U.S.C. §1692e(11) provides:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

22. WWR's voice message was a "communication" within the meaning of 15 U.S.C. §§ 1692d(6) and 1692e(11). *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v.Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

23. WWR's on or about October 26, 2008 voice message to Plaintiff did not make a meaningful disclosure of the caller's identity.

24. It is impossible to determine the identity of entity that left the on or about October 26, 2008 voice message solely by the content of the voice message.

25. WWR's on or about October 26, 2008 voice message failed to disclose that the communication was from a debt collector.

**COUNT II - TCPA**

26. Plaintiff incorporates and re-alleges paragraphs 1-18 above.

27. 47 U.S.C. § 227, in pertinent part, provides:

> (b) Restrictions on use of automated telephone equipment
>
> (1) Prohibitions
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

28. WWR's conduct violated the TCPA. *Leckler v. Cashcall, Inc.*, 554 F. Supp. 2d 1025, 1033 (N.D. Cal. 2008) ("the Court finds that partial summary judgment in plaintiff's favor is appropriate because defendant violated the TCPA when it called plaintiff's cell phone using an autodialer and prerecorded messages without plaintiff's prior express consent.").

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against WWR for:

(1) Statutory damages under the FDCPA up to $1,000 for Plaintiff against each Defendant;

(2) $500 for each occurring violation of the TCPA and treble damages in the amount of $1,500 for each violation if WWR's acts are determined to be willful;

(3) Attorney's fees, litigation expenses and costs of suit; and

(4) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
WARNER LAW FIRM, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)
cwarner@warnerlawllc.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

**NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)